Stephen J. Shimshak
Douglas R. Davis
Claudia L. Hammerman
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Citigroup Inc. and
all of its affiliates and subsidiaries,
including Citibank N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
In re: :
:
LEHMAN BROTHERS INC., : Case No. 08-01420 (JMP) SIPA
:
:
Debtor. :
------------------------------------- x

## CITIBANK'S REQUEST FOR ALLOWANCE
## OF SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM

Citigroup Inc. and its affiliates and subsidiaries, including, without limitation, Citibank N.A., Singapore Branch and Citibank Japan Ltd. (collectively, "Citibank"), by and through their undersigned counsel and pursuant to the requirements of the Stipulation and Amended Stipulation (both defined below), hereby request entry of an order allowing a superpriority administrative expense claim for Citibank in the amount of up to 75,000,000 USD as adequate protection for Citibank's Setoff Rights (as defined below), if any, effective upon the establishment of such Setoff Rights. In further support of its request, Citibank respectfully states as follows:

**Background**

1. On September 19, 2008 (the "Filing Date"), the Honorable Gerard E. Lynch, United States District Judge for the Southern District of New York (the "District Court"), entered the Order Commencing Liquidation (the "Liquidation Order") with respect to Lehman Brothers Inc. ("LBI") pursuant to the provisions of the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq*. (as amended, "SIPA"). Pursuant to the Liquidation Order, the LBI proceeding (the "SIPA Proceeding") was removed to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On September 19, 2008, the District Court appointed James W. Giddens as Trustee (the "Trustee") for the liquidation of LBI.

3. Before the Filing Date and thereafter (acting through the Trustee), LBI has maintained deposit accounts (the "Accounts") with Citibank. The Accounts include those against which Citibank claims, and has exercised, rights of netting, offset, recoupment, or similar rights and those against which Citibank claims, but has not exercised such rights (collectively, the "Setoff Rights"). Citibank has placed an administrative hold on the latter Accounts, pending the determination and resolution of its Setoff Rights.

4. On October 21, 2008, Citibank and the Trustee entered into an Agreement Regarding Lehman Brothers Inc. Accounts at Citibank N.A. (the "October 21 Agreement"), pursuant to which the Parties agreed, among other things, that (a) until the resolution of issues related to the Setoff Rights or termination of the October 21

Agreement, Citibank would continue its administrative hold on the Accounts; and (b) until the termination of the October 21 Agreement, (i) Citibank would not undertake to exercise its Setoff Rights, and (ii) the Trustee would not seek a turnover of the balance in the Accounts, or seek to set aside or otherwise challenge Citibank's exercised or unexercised Setoff Rights.

5. Thereafter, based on information then available regarding the amounts deposited in the Accounts, Citibank and the Trustee agreed that Citibank would release certain of the deposits to the Trustee. While in principle willing to release these amounts, Citibank sought protection against the possibility that with additional information concerning its claims and the Accounts, Citibank would forfeit its Setoff Rights by releasing deposits to the Trustee. Citibank and the Trustee accordingly entered into a Stipulation and Order Authorizing (1) The Turnover of Amounts From Certain LBI Deposit Accounts, (2) The Continuation of an Administrative Hold on Certain LBI Deposit Accounts, and (3) The Provisional Allowance of Superpriority Administrative Claims in Favor of Citigroup, Inc. and Its Affiliates and Subsidiaries, dated December 18, 2008 and approved by the Bankruptcy Court by order entered December 31, 2008 (the "Stipulation") [Docket #487].

6. Under the Stipulation, Citibank and the Trustee agreed, among other things, that (a) Citibank would turn over 75,000,000 USD (the "Turnover Amount") from overseas Accounts at Citibank N.A., Singapore Branch, Citibank Japan Ltd., and Citibank Korea Inc. (each, a "Citibank Affiliate") to the possession and control of the Trustee before the close of business on January 15, 2009 (the "Final Payment Date"); and (b) as adequate protection for Citibank's Setoff Rights, if any, against the Turnover

Amount, each Citibank Affiliate contributing funds to the wire transfer (the "Wired Funds") would receive an administrative expense claim as a superpriority administrative expense under sections 503(b) and 507(b) of the Bankruptcy Code (the "Priority Rights") in the amount by which its contribution of the Wired Funds caused the diminution or elimination of such Citibank Affiliate's otherwise enforceable Setoff Rights against the Wired Funds contributed by such Citibank Affiliate (as to all such claims, the "Administrative Expense Claims").

7. Thereafter, Citibank accumulated the Turnover Amount from the following two Affiliates on the dates and in the amounts and currencies specified herein:

| Affiliate | Local Currency | USD equiv. | Date of Conversion |
|---|---|---|---|
| Citibank N.A., Singapore Branch | 55,365,045 SGD | 37,500,000 | January 7, 2009 |
| Citibank Japan Ltd. | 3,401,362,500 JPY | 37,500,000 | December 22, 2008 |

8. On January 9, 2009 (the "Transfer Date") Citibank turned over 75,000,000 USD to LBI.

9. On March 5, 2009, Citibank and the Trustee entered into an Amendment to Stipulation and Order Entered December 31, 2008 Authorizing (1) The Turnover of Amounts From Certain LBI Deposit Accounts, (2) The Continuation of an Administrative Hold on Certain LBI Deposit Accounts, and (3) The Provisional Allowance of Superpriority Administrative Claims in Favor of Citigroup, Inc. and Its Affiliates and Subsidiaries (the "Amended Stipulation"). The Bankruptcy Court approved the Amended Stipulation on March 13, 2009 [Docket #843]. The Amended Stipulation extended certain deadlines that applied to Citibank and in particular, it

provided that Citibank must request an Administrative Expense Claim as adequate protection in respect of its Priority Rights with this Court by March 31, 2009.

10. Between the Filing Date and the Transfer Date, LBI's Accounts at Citibank N.A., Singapore Branch and Citibank Japan Ltd. each received post-Filing Date deposits, thereby increasing the amount in each Account from that Account's balance as of the Filing Date. Citibank maintains that the Turnover Amount should consist first, of post-Filing Date deposits and second, of pre-Filing Date deposits, to the extent necessary. Nevertheless, out of an abundance of caution, Citibank has also calculated its Administrative Expense Claims as if pre-Filing Date deposits comprised the entirety of the Turnover Amount.

11. Thus, Citibank N.A., Singapore Branch maintains that it possesses enforceable Setoff Rights against the LBI Account held at Citibank N.A., Singapore Branch of at least 55,471,453 SGD (or approximately 38,829,241 USD using September 19, 2008 exchange rates) as of the Filing Date. Following the Wire Transfer on January 9, 2009, the aggregate amount on deposit at Citibank N.A., Singapore Branch was 16,202,345 SGD (or approximately 10,914,345 USD using January 9, 2009 exchange rates). Citibank asserts that the Wire Transfer diminished Citibank's Setoff Rights by at least 39,269,108 SGD (or approximately 26,452,750 USD using January 9, 2009 exchange rates). To the extent that LBI argues that the Wire Transfer effected a withdrawal of any prepetition deposits over and above this amount, Citibank is entitled to a superpriority administrative expense claim of 37,500,000 USD in respect of Citibank N.A., Singapore Branch.

12. Citibank Japan Ltd. maintains that it possesses enforceable Setoff Rights against the LBI Account held at Citibank Japan Ltd. of at least 3,966,985,157 JPY (or approximately 36,919,359 USD using September 19, 2008 exchange rates) as of the Filing Date. Following the Wire Transfer on January 9, 2009, the aggregate amount on deposit at Citibank Japan Ltd. was 1,154,855,295 JPY (or approximately 12,775,655 USD using January 9, 2009 exchange rates). Citibank asserts that the Wire Transfer diminished Citibank's Setoff Rights by at least 2,812,129,862 JPY (or approximately 31,109,352 USD using January 9, 2009 exchange rates). To the extent that LBI argues that the Wire Transfer effected a withdrawal of any prepetition deposits over and above this amount, Citibank is entitled to a superpriority administrative expense claim of 37,500,000 USD in respect of Citibank Japan Ltd. Citibank is accordingly entitled to a superpriority administrative expense claim in the aggregate amount of 75,000,000 USD.

**Jurisdiction**

13. This Court has jurisdiction to consider and determine this request pursuant to 28 U.S.C. § 1334. This request constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

14. Pursuant to the terms of the Stipulation and the Amended Stipulation, each of Citibank N.A., Singapore Branch and Citibank Japan Ltd. requests, effective upon the establishment of its Setoff Rights, the allowance of a superpriority administrative expense claim in the amount by which the Wired Funds caused the diminution or elimination of Citibank's Setoff Rights against the Wired Funds, up to

6

75,000,000 USD in the aggregate. This request does not seek the establishment of the Setoff Rights, if any, at this time, but rather Citibank files this request solely to comply with the terms of the Stipulation and Amended Stipulation. Citibank reserves the right to assert Setoff Rights in excess of the amounts described herein.

### **Notice**

15. Citibank has provided notice of this request in accordance with the Case Management Order entered in this proceeding [Docket #240]. Citibank submits that no further notice is required.

Dated: New York, New York
       March 31, 2009

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ *Stephen J. Shimshak*
      Stephen J. Shimshak
      (sshimshak@paulweiss.com)
      Douglas R. Davis
      (ddavis@paulweiss.com)
      Claudia L. Hammerman
      (chammerman@paulweiss.com)
      1285 Avenue of the Americas
      New York, New York 10019-6064
      Telephone: (212) 373-3000
      Facsimile: (212) 757-3990

*Attorneys for Citigroup Inc. and all of its affiliates and subsidiaries*